IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICETH RATH, #12157-078 | § | |
| VS. | § | CIVIL ACTION NO.4:10cv434 |
| | | CRIM NO. 4:05cr76(1) |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the writ of *audita querela* should be dismissed with prejudice because the appropriate means of relief is through a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant filed objections.

In Movant's objections, he argues that a writ of *audita querela* is appropriate because it is the only means of relief in his case. However, Movant has not met the requirements of *audita querela* by showing that he is challenging a judgment that was correct at the time it was rendered, but is now incorrect because of circumstances arising after the judgment was issued. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) ("*audita querela* is used to challenge a judgment that was correct at the time it was rendered, but which is made infirm by matters that arose after its rendition"). Furthermore, as the Magistrate Judge notes in his Report and Recommendations, the appropriate vehicle for relief in Movant's case is a motion filed pursuant to 28 U.S.C. § 2255. Thus, *audita querela* may not be used since Movant may seek relief under § 2255. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (prisoner may not seek a writ of *audita querela* if he may seek relief under § 2255). Movant provides a copy of a Ninth Circuit case, *Kessack v. United States*, 2006 U.S.

1

Dist. LEXIS 80734 (W.D. Wash., Nov. 1, 2006), asserting that it supports his position. However, he has provided no supportive case law from the Fifth Circuit. Moreover, the movant in *Kessack* showed that his judgment was correct at the time it was rendered, but later became incorrect based on circumstances arising after the judgment was issued. Movant has failed to make such a showing. Movant's objections are without merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the writ of *audita querela* is **DISMISSED** with prejudice. Movant may file a motion to vacate, set aside, or correct sentence pursuant to § 2255. However, Movant, having filed a prior motion pursuant to § 2255, *see* Cause No. 4:07cv237, is now subject to having a new § 2255 motion being deemed as a successive claim. He may seek permission from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. Movant may obtain a standard § 2255 form from the law library. There are no filing fees to file a § 2255 motion. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this 5 day of **August, 2013.**

_____
Ron Clark, United States District Judge